DECISION.
{¶ 1} Can a person's odd behavior concerning an object justify a search of that object? We answer yes and affirm the trial court's judgment.
 {¶ 2} Defendant-appellant Joseph West was pulled over for disregarding a stop sign. Arresting officer Tamara Schneider checked West's driver's license and found that he had been driving under an FRA (Financial Responsibility Act) suspension. Schneider told West that his van would be impounded for the FRA violation, but that he was free to leave after receiving the citations.
 {¶ 3} West requested to retrieve a bag from the vehicle. Schneider agreed and proceeded to get the bag for West. While Schneider was getting the bag, West became agitated, nervous, and anxious. And despite Schneider's repeated request that West remain on the curb while the bag was located, he did not comply and kept interfering. After observing West's unusual demeanor, Schneider searched the bag and found a loaded firearm.
 {¶ 4} West moved to suppress the evidence, but the trial court overruled his suppression motion. West then pleaded guilty to improperly handling firearms in a motor vehicle.[1]
West's appeal now argues that his suppression motion should have been granted because Officer Schneider did not have a reasonable and articulable suspicion to search the bag. Did West's palpably peculiar behavior arouse the requisite suspicion necessary to constitutionally justify a warrantless search of that bag? On these facts, yes.
 {¶ 5} Officer Schneider's testimony revealed that after West had been informed that the vehicle would be impounded, he approached her patrol car and asked to retrieve a bag from his vehicle. She agreed. Schneider then walked towards the vehicle, removed the keys from the ignition, and proceeded to the rear of the van to find the bag.
 {¶ 6} After Officer Schneider had opened the vehicle's rear door, West "immediately" made his first attempt to grab the bag. Officer Schneider advised West that she would get the bag, and that he should step back onto the sidewalk until she had retrieved the bag.
 {¶ 7} After Officer Schneider had retrieved the bag, West "immediately came back" and made his second attempt to grab it. West was again told to remain on the sidewalk. Officer Schneider testified that at this point West was "very nervous," and that he "wanted [the bag] right then * * * right there * * * [and] right now," and that "[West] did not want [her] to touch it * * * [or] have anything to do with it." Schneider's testimony also painted the following picture for the court: West kept saying "`[j]ust give me my bag, just give me my bag. It's just got my medication in it. I just want my bag.' And he kept reaching for it. And I had to instruct him several times to please step back up on the sidewalk, that I would bring the stuff to him. But he was adamant about me not having anything to do with the bag at all."
 {¶ 8} Officer Schneider further testified that she had told West a third time to stay on the sidewalk. Schneider maintained that despite her repeated direction to the contrary, West continued to come towards her in his attempt to get the bag, and that she had perceived West's demeanor to be threatening to her. Officer Schneider further described the locale of the stop as an area "known for its drug and violent offenses." Given these circumstances, Officer Schneider concluded that her safety warranted searching the bag.
 {¶ 9} As the Ohio Supreme Court has observed, when making a reasonableness assessment, police officers may consider the totality of the circumstances: "Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of the officer and others."[2]
 {¶ 10} While this search was not a typical stop and frisk, the search conducted by Officer Schneider is most properly evaluated under a reasonable-suspicion analysis. "[S]uspects may injure police officers and others by virtue of their access to weapons, even though they may not themselves be armed."[3]
 {¶ 11} Under the totality of the circumstances, we hold that West's resistance to Officer Schneider's orders, his proximity to Officer Schneider, his persistent erratic behavior, and the locale of the arrest led to the requisite reasonable and articulable suspicion necessary to justify the search of West's bag.
 {¶ 12} We note that West's own actions weighed heavily against him. Officer Schneider testified that had West patiently waited for her to retrieve the bag, she would have handed it over without searching its contents. But we cannot say that Schneider should have blithely handed over the bag after she had observed West's peculiar demeanor. Officer Schneider's safety, the totality of the circumstances, and West's unusual demeanor tipped the constitutional scale in favor of the search. Thus the trial court properly overruled West's suppression motion, and its judgment is accordingly affirmed.
Judgment affirmed.
Hendon and Winkler, JJ. concur.
Winkler, retired, from the First Appellate District, sitting by assignment.
[1] See R.C. 2923.16.
[2] State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus.
[3] See Michigan v. Long (1983), 463 U.S. 1032, 1048, 103 S.Ct. 3469.